UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HANUMANTHARAO NARRA, and THE ESTATE OF SASIKALA NARRA,<br><br>Defendants.<br><br>HANUMANTHARAO NARRA,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>PRUCO LIFE INSURANCE COMPANY,<br><br>Counterclaim Defendant. | Civil Action No. 2:18-cv-14793-ES-CLW |

**BRIEF IN SUPPORT OF MOTION FOR APPOINTMENT OF REPRESENTATIVE TO INITIATE PROBATE OF THE ESTATE OF SASIKALA NARRA AND FOR DEPOSIT OF THE DEATH BENEFIT PURSUANT TO FED. R. CIV. P. 67**

In this motion, Plaintiff/Counterclaim Defendant, Pruco Life Insurance Company ("Pruco"), hereby respectfully requests an Order appointing a personal representative for the estate of decedent, Sasikala Narra, so probate proceedings can be initiated and/or the interests of such estate can be protected and authorizing Pruco to deposit the subject life insurance proceeds into the Court's registry pursuant to Fed. R. Civ. P. 67 and Local Rule 67.1.

**PRELIMINARY STATEMENT**

This is an action for interpleader that was filed on October 9, 2018. (Doc. No. 1). Pruco does not dispute that the subject life insurance proceeds are due. However, Pruco is faced with competing claims to the subject death benefit from defendants, as set forth in more detail below. Accordingly, Pruco filed this action to avoid double or multiple liability to defendants, who are putative beneficiaries of the subject death benefit.

To date, it appears that the Estate of Sasikala Narra ("Estate") has not been opened. It also appears that no steps are being taken by the decedent/insured's family to open the Estate. As a putative beneficiary of the subject insurance proceeds, the Estate is a necessary party. Therefore, this matter cannot properly proceed until an appropriate representative is acting for the Estate.

Based upon these circumstances, Pruco respectfully requests that a representative be appointed for the Estate to initiate probate proceedings and/or represent the Estate's interests in this matter. Pruco also requests authority to deposit the subject insurance proceeds into Court pursuant to Fed. R. Civ. P. 67 and Local Rule 67.1.

**PROCEDURAL HISTORY**

On October 1, 2018, Pruco filed the Interpleader Complaint in this matter. (Doc. No. 1). On December 10, 2018, Defendants Mrishan Kumari ("Mrishan") and Vemkateswaao Kumari ("Vemkateswaao") both filed an Answer and Crossclaim. (Doc. Nos. 5-6). On January 15, 2019, Defendant Hanumantharao Narra ("Hanumantharao") filed an Answer and Counterclaim. (Doc. No. 11).

**STATEMENT OF FACTS**

On or about July 14, 2015, Pruco issued two individual life insurance policies, bearing policy numbers L9201428 ("Policy L920") and V2353442 ("Policy V235") (collectively,

"Policies"), on the life of the Insured. At that time, the Insured designated her husband, Hanumantharao Narra ("Hanumantharao"), as the sole primary beneficiary and "children of the Insured in equal shares or to the survivors" as secondary beneficiaries of the death benefits under the Policies. (Declaration of Sean O'Brien ("O'Brien Decl."), at ¶2)

The Insured died on March 23, 2017 in the State of New Jersey. (*Id.* at ¶3). The Insured's manner of death was ruled as a homicide. (*Id.*). Upon information and belief, the Insured's only child, A.N., a minor, was also killed in the same incident as the Insured. (*Id.* at ¶4).

As a result of the Insured's death, a death benefit in the amount of $500,000.00 became due under Policy L920, plus a $156.35 premium refund ("Policy L920 Death Benefit") and a death benefit in the amount of $500,000.00 became due under Policy V235 ("Policy V235 Death Benefit") for a total amount of $1,000,156.35 ("Death Benefit"). (*Id.* at ¶5).

On or about May 8, 2017, Hanumantharao submitted a claim for the Death Benefit due under the Policies. (*Id.* at ¶6). Thereafter, Pruco was advised by the Burlington County Prosecutor's Office that there was an open investigation into the Insured's death and therefore no parties could be conclusively eliminated as suspects. (*Id.* at ¶7). Pruco continued to follow up with the Burlington County Prosecutor's Office as to the status of the investigation into the Insured's death and was continually advised that the investigation was ongoing. (*Id.* at ¶8). On or about September 19, 2018, counsel for Pruco again followed up with Detective Anthony Mikulski at the Burlington County Prosecutor's Office who confirmed that there were no changes in the status of the ongoing investigation and that Hanumantharao has not been eliminated as a suspect. (*Id.* at ¶9).

New Jersey's slayer statute, N.J.S.A. 3B:7-1.1, provides that any designation made by a decedent to a person who intentionally caused the decedent's death is revoked and the beneficiary is treated as if he or she predeceased the decedent. In the event that Hanumantharao is disqualified

from receiving the Death Benefit under the New Jersey slayer statute, N.J.S.A. 3B:7-1.1, the secondary beneficiaries ("the children of the Insured in equal shares or to the survivors") would be entitled to the Death Benefit. (*Id.* at ¶10). However, upon information and belief the Insured's only child was killed in the same incident. (*Id.*).

Under the terms of the Policies, if there is no beneficiary at the time of the Insured's death or a beneficiary predeceases the insured, the insured's estate is the beneficiary. (*Id.* at ¶11). Accordingly, the Insured's Estate, and the Insured's parents as potential heirs of the Estate, may have a claim to the Death Benefit in the event that Hanumantharao is disqualified from receiving the Death Benefit. (*Id.* at ¶12).

Pruco claims no title to or interest in the Death Benefit due under the Policies on account of the death of the Insured. (*Id.* at ¶13). Pruco, though, is unable to make a determination as to whom the Death Benefit is payable without exposing itself to double or multiple liability on account of the potential competing claims of Defendants. (*Id.*). Pruco seeks to deposit the death benefit, together with all accrued claim interest, with the Court in this action. (*Id.*).

## LEGAL ARGUMENT

### I.   A Representative Should Be Appointed for the Insured's Estate.

As shown above, the Estate was named as a defendant in this action because in the event that Hanumantharao is disqualified from receiving the Death Benefit, the Estate or the Insured's parents would be entitled to the Death Benefit due under the Policies. In order to protect itself from double liability arising out of later claims made by the Estate, Prudential named the Estate as a party in its Complaint for Interpleader. However, the Estate has not yet been opened and it does not appear that any steps have been taken to open the Estate. While Prudential takes no position

as to who is ultimately appointed, if all Defendants agree and insomuch as the Insured's parents, Mrishan and Vemkateswaao, who have appeared in this action, only have a potential claim to the Death Benefit as potential heirs of the Estate in the event that Hanumantharao is disqualified, they do not appear to have a conflict and may be able to represent the Estate's interests in this matter thereby avoiding having to incur costs in connection with appointing another individual not a party to this action.

Until a representative is appointed for the Estate, the Estate cannot be properly served or participate in this action and this matter cannot properly proceed. Therefore, Prudential respectfully requests that this Court appoint the Insured's parents or another appropriate individual as the Estate's representative to initiate probate proceeding and/or represent the Estate's interests in this action so that this matter can properly proceed.

**II.     The Court Should Grant Prudential's Motion To Deposit The Death Benefit With The Court Pursuant To Rule 67 And Local Rule 67.1.**

Rule 67 (a) provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all of part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).  Here, Prudential has initiated this application upon notice to all appearing parties and respectfully requests the Court grant Prudential leave to deposit the Death Benefit with the Court.  Prudential further requests that the proceeds be placed in an interest-bearing account pursuant to Local Rule 67.1(a)(2)(A).  Accordingly, the Court should allow Prudential to deposit the Death Benefit with the Court.

## **CONCLUSION**

Pursuant to the foregoing grounds and controlling authorities, Prudential respectfully requests the appointment of a representative for the Estate and authority to deposit the Death Benefit into Court.

Respectfully submitted,

Dated:  January 31, 2019

/s/ Joyce S. Min
Joyce S. Min, Esq.
d'Arcambal Ousley & Cuyler Burk LLP
Four Century Drive | Suite 350
Parsippany, NJ  07054-4663
(973) 734-3200
jmin@darcambal.com
 Attorneys for Plaintiff/Counterclaim
 Defendant, Pruco Life Insurance Company