UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HANUMANTHARAO NARRA, THE ESTATE OF SASIKALA NARRA, MRISHAN KUMARI, in her capacity as a potential heir to the Estate of Sasikala Narra, and VEMKATESWAAO KUMARI, in his capacity as a potential heir to the Estate of Sasikala Narra,<br><br>Defendants. | Civil Action No. 2:18-CV-14793 |

**DECLARATION OF SEAN O'BRIEN**

I, Sean O'Brien, hereby declare as follows:

1. I am employed by Defendant/Counter-Plaintiff, Pruco Life Insurance Company ("Pruco"), as a Process Management Specialist. I have reviewed the records maintained in the normal course of business by Pruco's Beneficiary Services Department and, in particular, those records that relate to claims made incident to the death of Sasikala Narra ("Insured"), and make this Declaration based upon personal knowledge, including this review.

2. On or about July 14, 2015, Pruco issued two individual life insurance policies, bearing policy numbers L9201428 ("Policy L920") and V2353442 ("Policy V235") (collectively, "Policies"), on the life of the Insured. At that time, the Insured designated her husband, Hanumantharao Narra ("Hanumantharao"), as the sole primary beneficiary and "children of the Insured in equal shares or to the survivors" as secondary beneficiaries of the death benefits under

the Policies. Attached hereto as Exhibit A is a true and correct copy of the Insured's Application for Life Insurance for Policy L920. Attached hereto as Exhibit B is a true and correct copy of the Insured's Application for Life Insurance for Policy V235.

3. Upon information and belief, the Insured died on March 23, 2017 in the State of New Jersey. The Insured's manner of death was ruled as a homicide. Attached hereto as Exhibit C is a true and correct copy of the Insured's Death Certificate, as received by Pruco.

4. Upon information and belief, the Insured's only child, A.N., a minor, was also killed in the same incident as the Insured. Attached hereto as Exhibit D is a true and correct copy of an online article dated September 8, 2017, regarding the deaths of the Insured and A.N.

5. As a result of the Insured's death, a death benefit in the amount of $500,000.00 became due under Policy L920, plus a $156.35 premium refund ("Policy L920 Death Benefit") and a death benefit in the amount of $500,000.00 became due under Policy C235 ("Policy V235 Death Benefit") for a total amount of $1,000,156.35 ("Death Benefit").

6. On or about May 8, 2017, Hanumantharao submitted a claim for the Death Benefit due under the Policies. Attached hereto as Exhibit E is a true and correct copy of Hanumantharao's May 8, 2017 Life Insurance Claim form, as received by Pruco.

7. Thereafter, Pruco was advised by the Burlington County Prosecutor's Office that there was an open investigation into the Insured's death and therefore no parties could be conclusively eliminated as suspects. Attached hereto as Exhibit F is a true and correct copy of a May 31, 2017 letter from the Burlington County Prosecutor's Office to Pruco, as received by the Company.

8. Pruco continued to follow up with the Burlington County Prosecutor's Office as to the status of the investigation into the Insured's death and was advised that the investigation was ongoing.

9. On or about September 19, 2018, counsel for Pruco again followed up with Detective Anthony Mikulski at the Burlington County Prosecutor's Office who confirmed that there were no changes in the status of the ongoing investigation and that Hanumantharao has not been eliminated as a suspect.

10. In the event that Hanumantharao is disqualified from receiving the Death Benefit under the New Jersey slayer statute, N.J.S.A. 3B:7-1.1, the secondary beneficiaries ("the children of the Insured in equal shares or to the survivors") would be entitled to the Death Benefit. However, upon information and belief the Insured's only child was killed in the same incident.

11. Under the terms of the Policies, if there is no beneficiary at the time of the Insured's death or a beneficiary predeceases the insured, the insured's estate is the beneficiary.

12. Accordingly, the Insured's Estate, and the Insured's parents as potential heirs of the Estate, may have a claim to the Death Benefit in the event that Hanumantharao is disqualified from receiving the Death Benefit.

13. Pruco claims no title to or interest in the Death Benefit due under the Policies on account of the death of the Insured. Pruco, though, is unable to make a determination as to whom the Death Benefit is payable without exposing itself to double or multiple liability on account of the potential competing claims of Defendants. Pruco seeks to deposit the death benefit, together with all accrued claim interest, with the Court in this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 01/28/2019

_____
Sean O'Brien